UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HUDSON SAVINGS BANK,<br><br>              Plaintiff,<br><br>       v.<br><br>PROGRESSIVE CASUALTY INSURANCE COMPANY,<br><br>              Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION No. 06-11967<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF HUDSON SAVINGS BANK'S MOTION TO STRIKE
PORTIONS OF THE AFFIDAVIT OF DOUGLAS R. EMERICK
IN SUPPORT OF PROGRESSIVE CASUALTY INSURANCE COMPANY'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

<u>**INTRODUCTION**</u>

Pursuant to Fed. R. Civ. P. 26(a)(2)(B), 26(b)(4), and 26(e)(2), and for the reasons set forth herein, plaintiff Hudson Savings Bank ("Hudson") hereby moves the Court to strike certain portions of the Affidavit of Douglas R. Emerick ("Emerick Affidavit") in Support of Progressive Casualty Insurance Company's ("Progressive") Motion for Summary Judgment.

On January 17, 2008, Hudson deposed Progressive's expert on the issue of materiality, Douglas R. Emerick, regarding his opinions concerning the materiality of Hudson's alleged misrepresentations in answering Questions IV.1.a, IV.1.b, and IV.5.c ("Q1a," "Q1b," and "Q5c," respectively) of the Financial Institution Bond ("the Bond") application. During his deposition, Mr. Emerick testified and explained that his materiality opinion is premised on the *combination*

of all three alleged misrepresentations and is not directed to each misrepresentation individually. (Deposition of Douglas R. Emerick ("Emerick Dep."), at pp. 81-82, 85.)[1]

Nearly six weeks later, on February 26, 2008, Progressive produced a "Supplemental Report" from Mr. Emerick, effectively recanting his deposition testimony and stating that his opinion is now that each alleged misrepresentation is material, both individually and in combination.  This blatant attempt to correct his previous deposition testimony in the absence of any new evidence or assertion that his previous opinions rested on incorrect information violates the provisions of Fed. R. Civ. P. 26(a)(2)(B), 26(b)(4), and 26(e)(2).  The appropriate sanction for this violation is that the portions of the Emerick Affidavit derived from the "Supplemental Report" should be stricken, and those portions of the Emerick Affidavit should be disregarded by the Court in considering Progressive's motion for summary judgment.

## ARGUMENT

**I.  The Emerick "Supplemental Report" Is Merely An Attempt To Recant And Correct Prior Deposition Testimony In Violation Of Fed. R. Civ. P. 26(a)(2)(B), 26(b)(4), and 26(e)(2).**

At his deposition, Mr. Emerick testified that one of his opinions, identified as "opinion number two," is as follows:

> A Financial Institution Bond underwriter probably would have taken a different underwriting stance if the actual nature of Hudson's operational processes had been accurately represented in this application.  An underwriter would have most likely declined the bank or would have quoted the coverage based on strict conditions that certain internal control programs be instituted.

(Emerick Dep. at 81-82.)  When questioned about this opinion, Mr. Emerick admitted that his opinion is "directed to the combination of all three questions," i.e., Q1a, Q1b, and Q5c.  (*Id*. at

---

[1] Excerpts from the transcript of the January 17, 2008 Deposition of Douglas R. Emerick are attached as Exhibit A to the Affidavit of James M. Flaherty, Jr. in Support of Plaintiff Hudson Savings Bank's Motion to Strike Portions of the Affidavit of Douglas R. Emerick in Support of Progressive Casualty Insurance Company's Motion for Summary Judgment ("Flaherty Motion to Strike Affidavit"), filed herewith.

85.) Specifically, in response to the question "Is your opinion number two directed to 1.a alone, question 1.a alone?" Mr. Emerick testified "No." (*Id*.) Similarly, in response to the question "Is your opinion number two directed to question 5.c. independently?" Mr. Emerick testified "No." (*Id*.) As to Q1b, in response to the question "Is your opinion number two directed to question 1.b alone?" Mr. Emerick testified "It possibly could be." (*Id*.) Any ambiguity created by Mr. Emerick's response regarding Q1b was clarified by his final answer to the final question on this topic:

> "Q. Just so we're clear, your opinion number two is directed to the combination of all three questions?
>
> A. As presented to me, that is how I wrote this opinion, yes." (*Id*.)

Then, on February 26, 2008, Progressive served a "Supplemental Report" from Mr. Emerick that purported to change his deposition testimony about his "opinion number two." Mr. Emerick's "corrected" opinion in his "Supplemental Report" states:

> It is my opinion that all answers and responses to the internal control questions both individually and in combination are material to the underwriter determining whether a certain bank will present a greater risk of loss to the insurance company than that which the insurance company is willing to accept.

("Supplemental Report" of Douglas R. Emerick ("Emerick Supp. Rep."), p. 2.)[2]

In submitting his "Supplemental Report," Mr. Emerick did not claim that his "opinion number two" − as explained in his deposition testimony − was based on incorrect information, nor did Mr. Emerick state that his new opinion is based on any new evidence unavailable to him at the time of his deposition. Rather, the new opinion expressed in Mr. Emerick's "Supplemental Report" is merely a transparent attempt to change his earlier deposition testimony in order to conform with a theory of materiality that is more advantageous to Progressive's case. This is a

---

[2] The " Supplemental Report" of Douglas R. Emerick is attached as Exhibit B to the Flaherty Motion to Strike Affidavit, filed herewith.

violation of the expert witness disclosure requirement of Fed. R. Civ. P. 26(a)(2)(B) and 26(b)(4), and is not the type of supplementation allowed under Fed. R. Civ. P. 26(e)(2).

Recognizing the importance of expert discovery in pre-trial practice, the Federal Rules of Civil Procedure provide specific expert disclosure requirements for testifying experts, and allow experts to supplement previous disclosures with new information in certain circumstances. Briefly, Rule 26(a)(2)(B) sets out the requirements for an expert disclosure and report, Rule 26(b)(4) provides that an expert "deposition may be conducted only after the report is provided," and Rule 26(e)(2) states that "the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition."

With respect to Rule 26(e), courts have noted that this Rule should not "be undermined either by evasion or by dilatory tactics." *Thibeault v. Square D Co.*, 960 F.2d 239, 244 (1st Cir.1992). Rather, the purpose of Rule 26(e)'s requirement of allowing experts to supplement reports and testimony with additional information is to increase the quality of trials by better preparing attorneys for cross-examination, minimizing surprise, and supplying a helpful focus on the court's supervision of the judicial process. *Id.* (citations omitted). Rule 26 should never be used to allow discovery to degenerate into a game of cat and mouse. *Id.*

Therefore, to further these purposes of Rule 26, courts have precluded the use of supplemental reports or declarations that do not introduce additional information or evidence, but instead offer new opinions based on previously available evidence. *See Hartford Ins. Co. v. General Elec. Co.*, 526 F. Supp. 2d 250, 253 (D.R.I. 2007) (stating that the purpose of supplementation is not to introduce wholly new opinions) (citing *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 324 (5th Cir. 1998) (testimony of late-designated expert properly excluded)); *Keener v. United States*, 181 F.R.D. 639, 642 (D. Mont. 1998) (expert limited to

Case 1:06-cv-11967-RGS   Document 80   Filed 05/07/08   Page 5 of 7

opinions expressed in initial disclosure and precluded from testifying on other matters set forth in "supplemental" disclosure).

Relatedly, in the context of summary judgment determinations, courts consistently hold that a party may not create an issue of fact by submitting an affidavit that contradicts earlier deposition testimony.  For example, the United States Court of Appeals for the First Circuit has held that "[w]hen an interested witness has given clear answers to unambiguous questions, he cannot create a conflict and resist summary judgment with an affidavit that is clearly contradictory, but does not give a *satisfactory* explanation of why the testimony is changed." *Colantuoni v. Alfred Calcagni & Sons, Inc.*, 44 F.3d 1, 4-5 (1st Cir. 1994) (emphasis added); *see also Abreu-Guzman v. Ford*, 241 F.3d 69, 74 (1st Cir. 2001); *Mahan v. Boston Water & Sewer Comm'n*, 179 F.R.D. 49, 52-53 (D. Mass. 1998).  "Where, as here, a party has been examined extensively at deposition and then seeks to create an issue of fact through a later, inconsistent declaration, he has the duty to provide a *satisfactory* explanation for the discrepancy *at the time the declaration is filed*."  *Sinsky v. Pharmacia Opthalmics, Inc.*, 982 F.2d 494, 498 (Fed. Cir. 1992).

Mr. Emerick's new opinion in his post-deposition "Supplemental Report" is the exact type of supplementation not permitted by the Rules and precluded by courts.  Under the guise of clarification, "deeper examination," and further reflection (Emerick Supp. Rep., p. 2, ¶ 1), but without any *satisfactory* explanation, Mr. Emerick seeks to change his earlier deposition testimony that his materiality opinion is dependent on the combination of all three alleged misrepresentations in the Bond application.  Progressive cannot contend that Mr. Emerick misspoke or was misled during his deposition, nor can Mr. Emerick claim that he did not understand the questions being asked.  Rather, Mr. Emerick explained his "opinion number two"

with clarity and without ambiguity during his deposition. Mr. Emerick should not be allowed to change his opinion in a self-serving "Supplemental Report." To do so would be to permit Progressive to engage in the "trial by ambush" tactics that Rule 26 seeks to prevent.

**II.     The Proper Remedy for Violation of Fed. R. Civ. P. 26(a)(2)(B), 26(b)(4), and 26(e)(2) Is Striking The Portions Of The Emerick Affidavit That Derive From The Emerick "Supplemental Report."**

The appropriate remedy in the face of Mr. Emerick's improper attempt to change his deposition testimony with new opinions in the absence of new evidence is for the Court to strike the portions of the Emerick Affidavit derived from the "Supplemental Report," and the Court should disregarded those portions in considering Progressive's motion for summary judgment. Exclusion of evidence as a remedy is recommended by Rule 26's advisory committee notes for a Rule 26(e) violation. *See* Fed. R. Civ. P. 26 advisory committee's note ("The duty [to supplement] will normally be enforced . . . through sanctions imposed by the trial court, including exclusion of evidence, continuance, or other action, as the court may deem appropriate.") Exclusion is appropriate here because allowing Mr. Emerick (and Progressive) to use a "Supplemental Report" to correct previous deposition testimony would amount to unfair surprise prejudicial to Hudson. *See Licciardi v. TIG Ins. Group*, 140 F.3d 357, 364-365 (1st Cir. 1998) (holding that testimony of defendant's medical expert that was directly contradictory to and beyond expert's prior report should have been excluded due to prejudice and unfair surprise to plaintiff.)

Accordingly, the Court should strike Emerick Affidavit ¶¶ 7, 25, 26, 28, 29, and 30, which derive directly from Mr. Emerick's "Supplemental Report." (*See* Emerick Affidavit (Dkt. No. 63), p. 2-4, 8, 10.) Additionally, the Court should disregard ¶¶ 48, 49, 51, 52, and 53 of Progressive's Local Rule 56.1 Statement of Undisputed Material Facts in Support of Defendant's Motion for Summary Judgment (Dkt. No. 60), which rely on the above-referenced paragraphs of

the Emerick Affidavit for evidentiary support and thus also derive directly from Mr. Emerick's "Supplemental Report."

## CONCLUSION

For all of the foregoing reasons, Plaintiff Hudson Savings Bank respectfully requests that the Court grant this motion to strike certain portions of the Affidavit of Douglas R. Emerick in Support of Progressive Casualty Insurance Company's Motion for Summary Judgment.

> Respectfully submitted,
>
> HUDSON SAVINGS BANK
>
> By its attorneys,
>
> /s/ James M. Flaherty, Jr.
> Martin C. Pentz (BBO #394050)
> mpentz@foleyhoag.com
> James M. Flaherty, Jr. (BBO #653643)
> jflaherty@foleyhoag.com
> FOLEY HOAG LLP
> 155 Seaport Boulevard
> Boston, MA 02210-2600
> (617) 832-1000

Dated: May 7, 2008

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). Presently there are no non-registered participants.

> /s/ James M. Flaherty, Jr.
> James M. Flaherty, Jr.